# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS RAFAEL ULLOA VALLEJO,<br><br>Defendant. | Case No. 1:24-cr-00128-JLT-SAB-13<br><br>ORDER DIRECTING UNITED STATES TO MOVE OR FILE A RESPONSE REGARDING WHETHER THE COURT SHOULD DECLARE BAIL FORFEITED<br><br>**MAY 8, 2026 DEADLINE** |

On July 12, 2024, Defendant Jesus Rafael Ulloa Vallejo ("Defendant") was indicted for possession with the intent to distribute a controlled substance, involving a detectable amount of methamphetamine – a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).  (ECF No. 164.)  As relevant here, on July 23, 2024, the Hon. Erica P. Grosjean held a detention hearing and ordered, *inter alia*, Defendant released on a $10,000 cash bond to be posed by a third-party custodian.  (ECF No. 177.)  On July 26, 2024, a cash bond of $10,000 was posted by Marleny Barajas Zarazua (Receipt No. # 100003251-100003260).  (ECF Nos. 185, 187.)  On that same date, Defendant signed and Judge Grosjean approved an appearance and compliance bond, secured by the $10,000 cash bond, that included the condition that, "if convicted, [Defendant shall] surrender to serve a sentence the court may impose."  (ECF No. 189.)  Furthermore, the appearance and compliance bond informed Defendant that "this bond may be forfeited if" Defendant failed to surrender.  (Id.)

On July 14, 2025, Defendant entered a change of plea and pleaded guilty to Count 5 of the indictment; Defendant remained on bond pending sentencing.  (ECF No. 312.)  On January 12, 2026, the Hon. Jennifer L. Thurston sentenced Defendant to 51 months of custody and 36 months of supervised release  (ECF Nos. 385, 399.)  Judge Thurston ordered Defendant to self-surrender by 12:00 p.m. on March 11, 2026.  (Id.)  Defendant failed to self-surrender.

Pursuant to Federal Rule of Criminal Procedure 46(f), "[t]he court must declare the bail forfeited if a condition of the bond is breached."  Fed. R. Crim. P. 46(f).  Furthermore, Rule 46(f) allows for various forms of enforcement, including seeking default or filing a motion for enforcement.  Fed. R. Crim P. 46(f)(3)(A), (C); see, e.g., United States v. Reyes, No. 1:19-cr-00523-14, 2025 WL 3677464 (N.D. Ohio Dec. 18, 2025) (granting motion for a declaration of bond forfeiture and discussing that a subsequent motion for default would likely be appropriate under the circumstances).

Accordingly, the Court DIRECTS the United States to file, by **May 8, 2026**, an appropriate motion, or other response, regarding whether the Court should declare bail in this matter forfeited and how the Government wishes to enforce therefor.  A last word, the Court issues this order with the aim that the United States will take appropriate future action regarding bond forfeiture issues without prompting from the Court.

IT IS SO ORDERED.

Dated:    **April 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2